IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANLEY J. HINTZE,

                Plaintiff,

v.

PERRY D. HINTZE,

                Defendant.

OPINION and ORDER

23-cv-685-jdp

---

Plaintiff Stanley J. Hintze and defendant Perry D. Hintze were shareholders of an Iowa corporation, RS Industries, Inc. (RSI). This is the second case that plaintiff has filed alleging breaches of the shareholder agreement with RSI. In the first case, filed in Iowa state court in 2022, plaintiff contends that RSI breached the agreement in 2020 by failing to disclose that defendant had resigned from the company and by failing to notify plaintiff that he had the right to purchase some of defendant's shares. In this case, plaintiff alleges that defendant breached the agreement in 2023 by selling his shares without first offering to sell them to the other shareholders, including plaintiff. Plaintiff does not explain why he filed the new case in a different court, but he says that defendant has a residence in Wisconsin.

Defendant does not contest personal jurisdiction or venue, but he moves to dismiss or stay this case until the Iowa case is resolved. Dkt. 6. The parties frame the question as whether the court should abstain from exercising jurisdiction over the case. But there is a more straightforward way of analyzing the issue, which is whether the court should exercise its discretion under its inherent authority to stay or dismiss this case in the interest of judicial economy while the state court lawsuit is proceeding. The court concludes that dismissal without prejudice is appropriate because there is a substantial overlap in the issues raised in both cases,

and the Iowa case is likely to significantly narrow the issues in this case. Once the Iowa case is resolved, plaintiff may reopen this case if the Iowa case does not grant him full relief.

ANALYSIS

Defendant asks the court to abstain from hearing this case under the doctrine articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). To determine whether abstention under *Colorado River* is appropriate, the court undertakes a two-step inquiry. *DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 477 (7th Cir. 2020). First, the court determines whether the suits are "parallel," meaning that "substantially the same parties are contemporaneously litigating the same issues in another forum." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2011). Second, the court considers numerous factors for and against abstention. *See Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014).

The court need not decide whether abstention is warranted under *Colorado River* because the court concludes that a stay is appropriate under the court's inherent authority. District courts have broad discretion to stay proceedings before it for judicial efficiency. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When exercising that discretion, courts typically consider four factors. *Grice Eng'g Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (internal citations omitted). First, whether the litigation is at an early stage. *Id.* Second, whether a stay will unduly prejudice the non-moving party. *Id.* Third, whether a stay will simplify the issues and streamline the trial. *Id.* Fourth, whether a stay will reduce the burden of litigation on the parties and on the court. *Id.* The relevant factors counsel in favor of granting a stay here.

Factor 1: whether the litigation is at an early stage. The federal case is at an early stage of litigation, whereas the state case is considerably further along. Defendant moved to dismiss this case approximately one month after plaintiff filed the case, there have been no substantive rulings, and no discovery. The Iowa case was well underway before this case was even filed, and both plaintiff and defendant have been deposed. *See* Dkt. 10 and Dkt. 11. In fact, plaintiff represents that "[t]he parties in the Iowa Action . . . are simply tying up loose ends in preparation for trial, which will occur no later than May 2024." Dkt. 16, at 17.

Factor 2: whether a stay will unduly prejudice the nonmoving party. The court discerns no unfair prejudice to plaintiff if the Iowa case is resolved before proceeding with this case. As will be discussed below, much of the relief that plaintiff is seeking in this case is redundant of the relief that he is seeking in Iowa, so if he prevails in Iowa, that will facilitate resolution of this case. Pausing the proceedings here is more efficient for all parties.

Factors 3 and 4: whether a stay will simplify the issues and reduce the burden of litigation on the parties and the court. These factors weigh in favor of granting a stay. In this case, plaintiff contends that defendant violated the shareholder agreement in 2023 by selling his shares to another party without giving plaintiff the option to buy sone of the shares. He seeks a declaration that the sale is void, an opportunity to purchase the shares, and lost profits that he would have earned if defendant had sold the shares to plaintiff earlier. In the Iowa case, plaintiff contends that RSI breached the shareholder agreement by failing to notify him that defendant had resigned, which would have given plaintiff the opportunity to buy defendant's shares. In that case, plaintiff is seeking a declaration that he is entitled to purchase some of defendant's shares and damages for the breach of contract. Dkt. 18-1, at 47–48.

The Iowa case will resolve important threshold questions that could significantly narrow the scope of the issues in this case. If plaintiff prevails on his claim in Iowa that he was entitled to buy defendant's shares in 2020, then it will not be necessary to determine in this case whether plaintiff was entitled to buy the shares in 2023 when defendant sold them to a third party. Plaintiffs' success in the Iowa case would also moot another disputed question in both cases, which is whether plaintiff was terminated from RSI in 2022 and thus lost his rights to purchase defendant's shares in 2023.

In both cases, plaintiff is contending that he has the right to purchase some of defendant's RSI stock. It would be a waste of time and resources to determine whether plaintiff should have been given the option in 2023 to purchase defendant's stock before determining whether plaintiff should have had that option in 2020.

The only remaining question is whether to stay the case or dismiss it without prejudice pending the resolution of the Iowa case. It makes sense to dismiss rather stay because it could be many months or even years before the proceedings in Iowa are resolved, especially if any of the parties decides to appeal the case. It would serve no purpose to keep a case open on this court's docket for so long. If the case is dismissed without prejudice, neither party is harmed. Once the Iowa proceedings are resolved, plaintiff will have an opportunity to reopen this case without the need to show good cause and without paying another filing fee. The date that plaintiff originally filed the lawsuit will remain the date that plaintiff tolled the statute of limitations. And if plaintiff is satisfied with the result of the Iowa case, he will not have to move to dismiss this case. But if the parties agree, they can move to convert the dismissal without prejudice to a dismissal with prejudice.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 6, is GRANTED, and this case is DISMISSED without prejudice.

2. After the proceedings in *Hintz v. RS Industries, Inc.*, No. LACE135555 (Scott Cty., Iowa) are resolved, including any appeals, plaintiff Stanley Hintze may have 60 days to notify the court that he wishes to reopen the case. After 60 days, plaintiff will need to file a motion to reopen and show good cause for the delay.

Entered April 24, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge